WM. F. PRATT v. C. E. SLADE ET AL.

Decided March 10, 1910.

**1.—Trial—Special Issues—Judgment—Statute.**

Although the special issues submitted by a trial court to the jury and the findings of the jury thereon be not in themselves sufficient to support the judgment rendered, it will be presumed, under the provisions of art. 1331. Sayles' Civ. Stats., that the additional facts required to support the judgment were found by the court, provided there is evidence in the record to sustain such findings.

**2.—Same—Special Issues—Practice.**

In the absence of a request for the submission of other special issues, an appellant can not complain that the issues submitted did not include all the issues in the case.

**3.—Practice—Verdict Against Evidence.**

To justify an appellate court in setting aside the verdict of a jury on the ground that it is against the preponderance of the evidence, it must be so against the overwhelming preponderance of the evidence as to be clearly wrong.

**4.—Boundary Case—Appointment of Surveyor—Practice.**

A motion to appoint a surveyor to locate the boundaries of a tract of land in controversy must be seasonably presented. A new trial will not be granted for that purpose.

**5.—Judgment—Description of Land.**

If a judgment describes the particular tract of land in controversy so that it can be located and identified, it is all that is required. That the description does not mention the original survey of which it is a part, nor disclose how much of said survey is included in the judgment, is immaterial.

Appeal from the District Court of Jasper County. Tried below before Hon. W. B. Powell.

*W. W. Blake* and *Roi Blake,* for appellant.—The court erred in submitting the case to the jury on the special issues on the motion of the defendant, the said charge being equivalent to withdrawing the case from the jury, when the facts were disputed on every issue of the case. Epstein v. Thomas, 16 Texas Civ. App., 619.

Where the issue is as to the boundary line of the survey the verdict and judgment should definitely fit the location of the disputed lines with reference to some known and undisputed object, and the verdict and judgment in this case having failed to fix the location of the Cole survey and the Hollis claim with reference to the true location of the Pratt survey, is void for uncertainty, and judgment could not be rendered against plaintiff for any certain amount of land. Choate v. San Antonio & A. P. Ry. Co., 90 Texas, 88; Reed v. Cavett, 1 Texas Civ. App., 154; McCurdy v. Bullock, 2 Texas Civ. App., 223; Fernandes v. Schiermann, 23 Texas Civ. App., 343; Best v. Splawn, 33 S. W., 1005; Dillingham v. Smith, 30 Texas Civ. App., 525; Welder v. Carroll, 29 Texas, 33; Reimers v. Quinnin, 49 Mich., 449; Jackson v. Wendell, 5 Wend. (N. Y.), 142; Hill v. Smith, 6 Texas Civ. App., 312.

A judgment against plaintiff for land should be sufficiently certain to apprise plaintiff of the amount of recovery, and the verdict and judgment leaving the location of the lands involved uncertain, and the issue being joined as to the location of both the north and west boundaries of the L. T. Pratt survey and not settled by the verdict and judgment, the same are void for uncertainty, and should have been set aside by the court. Newcomb v. Walton, 41 Texas, 318; Thompson v. Albright, 14 S. W., 1020; Devine v. Keller, 73 Texas, 364.

*H. C. Howell,* for appellee.

PLEASANTS, CHIEF JUSTICE.—This is an action of trespass to try title brought by the appellant against C. E. Slade, Ben Hollis and others, to recover the title and possession of the L. T. Pratt 640-acre survey in Jasper County. The suit was dismissed in the court below as to all the defendants except Ben Hollis. This defendant disclaimed as to all of the land sued for except so much thereof as might be included in a tract of 160 acres described in his answer, as to which he pleaded not guilty and title by limitation of ten years. The trial in the court below, with a jury, resulted in a verdict and judgment in favor of the defendant for the 160 acres of land claimed by him.

The plaintiff showed title to all of the 640-acre survey unless defendant has acquired title by limitation to that portion of said survey included within the boundaries of the 160 acres claimed by him. The issue as to whether defendant has a title by limitation to any portion of the Pratt survey depends upon whether his actual possession on the 160 acres claimed by him includes any part of said survey, and this issue manifestly depends upon the true location of the lines of said survey. Upon this issue the testimony was conflicting. There is evidence sufficient to sustain the finding that a portion of defendant's improvements, including his dwelling house, was on the Pratt survey, and there is testimony which would authorize the finding that the dwelling house was north and west of the Pratt, and that no substantial portion of said survey was in the actual, visible possession of the defendant.

Upon this state of the evidence the trial court submitted two questions to the jury for their determination. These questions and the answers returned by the jury were as follows:

"1st. Does defendant Ben Hollis live on the land described in his answer and claimed by him in his plea of limitation?" To this question the jury answered, "Yes."

"2d. Is the north boundary line of the L. T. Pratt survey, as it was originally run or located by B. F. Mott in 1839, where the witness and surveyor W. B. Bean says and locates it to be, or where the witnesses and surveyor Blake say and locate it to be?" To this question the jury answered: "We find said line to be where W. B. Bean located it."

If the Bean line was the true line, as found by the jury, defendant's improvements were not north of the Pratt survey, as claimed by plaintiff.

The first assignment of error is as follows: "The court erred in submitting the case to the jury on the special issues on the motion of the defendant, the said charge being equivalent to withdrawing the case from the jury when the facts were disputed on every issue of the case." Under this assignment the appellant contends that the evidence raised the issue of whether appellee's improvements were not all west of the Pratt survey, and therefore the issue as to the true location of the west line of said survey should also have been submitted to the jury, and the finding of the jury as to the location of the north line was not a sufficient finding upon the issue of appellee's adverse possession to authorize a judgment in his favor.

It is clear that the findings of the jury upon the issue submitted

to them by the charge are not in themselves sufficient to authorize a judgment in appellee's favor, but the statute provides that in such case the additional facts required to support the judgment will be considered as found by the court, provided there is evidence in the record to sustain such finding. Article 1331, Sayles' Civil Statutes. As we have before said, the evidence is conflicting upon all the issues in the case, but there is evidence sufficient to sustain the finding that appellee's improvements are on the Pratt survey, and that he has held actual adverse possession of the portion of said survey included in the 160 acres claimed by him for a sufficient time to acquire title thereto by limitation. If the appellant desired other issues submitted to the jury he should have requested their submission, and having failed to make such request he can not complain that all the issues in the case were not submitted. Article 1331, Sayles' Civil Statutes.

The second, third, fourth and fifth assignments of error, which complain of the insufficiency of the evidence to sustain the verdict and judgment, are grouped and presented together. Our fact conclusion before stated disposes of these assignments. While it appears to us that the finding as to the location of the lines of the Pratt survey is against the preponderance of the testimony, we can not say that it is so against the overwhelming preponderance of the evidence as to be clearly wrong, and therefore we are not authorized to set aside such finding. The assignments complaining of the verdict and judgment upon this ground must be overruled.

No seasonable motion or request to have a surveyor appointed to locate the boundaries of the Pratt survey was made by the appellant, and the trial court did not err in refusing to grant a new trial in order that such survey might be made.

The 160 acres of land recovered by the appellee is definitely described by metes and bounds, and the fact that the field notes of said tract do not mention the Pratt survey, and that it does not appear from the description of the land given in the judgment how much of the Pratt survey is adjudged to appellee is immaterial. From the description in the judgment the land can be readily located and identified, and this is all that is required.

We find no error in the record which would authorize a reversal, and the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused for want of jurisdiction.